UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GLOBAL GAMING LEGENDS, LLC, *et al.* | : <br> : <br> : <br> : CIVIL ACTION NO. 5:13cv3123 <br> : <br> : JUDGE HICKS <br> : <br> : MAGISTRATE JUDGE HORNSBY <br> : <br> : <br> : |
| VERSUS | |
| LEGENDS GAMING OF LOUISIANA-1, LLC, *et al.* | |

**GLOBAL GAMING'S RESPONSE TO THE DEBTORS' 56.1 STATEMENT OF MATERIAL FACTS "NOT IN DISPUTE" AND STATEMENT OF DISPUTED MATERIAL FACTS TO BE TRIED**

Pursuant to Local Rule 56.2, Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, and Global Gaming Bossier City, LLC , Global Gaming Solutions, LLC (collectively, "Global") submit this statement of material facts in dispute and response to Debtors'[1] allegedly "undisputed" facts in support of Debtors' and the First Lien Parties' Motion for Partial Summary Judgment (the "Motion") as follows:

---

[1] Legends Gaming of Louisiana-1, LLC; Legends Gaming of Louisiana-2, LLC; and Legends Gaming, LLC are referred to herein as "Legends Louisiana Entities". The Louisiana Legends Entities, Legends Gaming of Mississippi, LLC and Legends Gaming of Mississippi RV Park, LLC are referred to herein as "Legends." Legends and Louisiana Riverboat Gaming Partnership are collectively referred to as "Debtors."

## RESPONSE TO DEBTORS' 56.1 STATEMENT OF MATERIAL FACTS

1.  **Undisputed** for purposes of the Motion. Debtors fail to properly authenticate the APA, but Global does not dispute this fact or Exhibit A for purposes of the Motion.

2.  **Undisputed** for purposes of the Motion. Debtors fail to properly authenticate the APA and its exhibits, but Global does not dispute this fact or Exhibit A for purposes of the Motion.

3.  **Undisputed** for purposes of the Motion.

4.  **Undisputed** for purposes of the Motion.

5.  **Undisputed** for purposes of the Motion.

6.  **Undisputed** for purposes of the Motion.

7.  **Undisputed** for purposes of the Motion.

8.  **Undisputed** for purposes of the Motion.

9.  **Disputed.** Global disputes the implication that financial information about the properties originated from Global. Even the document attached by Debtors demonstrates that the projections are based on information "provided" by Debtors. Debtors' employees and advisors had superior and, in many cases, exclusive access to the true financial condition of the properties. Further, Debtors misled Global and the bankruptcy court as to the true nature of the properties' condition. *See* Declaration of John D. Elliott in Support of Global's Opposition to Motion for Partial Summary Judgment and Motion in Limine ("Elliott Decl.") at ¶¶ 7-12, 17, 21-22 & Ex. 3.

Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document.

10. **Disputed.** Debtors misstate the document. Mr. Elliott's email does not say he would renegotiate all the terms of the APA. This email was not sent to Debtors and the parties did not renegotiate all the terms of the APA. *See* Debtors' Ex. D; Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document. Further, assuming the document had been authenticated, each and every statement in the document, other than statements allegedly made by Global, is inadmissible hearsay not subject to any exceptions.

11. **Disputed.** Debtors misstate the document. Mr. Elliott's email lists a series of 5 "serious" concerns not two. Mr. Elliott does not refer to a "failure to spend sufficient funds" on CapEx. Rather Mr. Elliott says "no capex has been spent at all." There is no reference to the APA or to modifying the APA. *See* Debtors' Ex. E; Elliott Decl. at ¶¶ 12, 14-16, Ex. 4. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document.

12. **Undisputed** for purposes of the Motion as to the fact that this email was sent and as to the facts contained in this statement. Global does not concede that each and every statement in the attached Exhibit F is a true and correct statement. **Disputed** that Debtors provided Global and the bankruptcy court with a complete and accurate picture of the deal financials and the condition of the properties. Global disputes that it had full and complete access to accurate financial information for the properties. Debtors' employees and advisors had superior and, in many cases, exclusive access to the true financial condition of the properties.

Further, Debtors misled Global and the bankruptcy court as to the true nature of the properties' condition. *See* Elliott Decl. at ¶¶ 7-12, 17, 21-22 & Ex. 3.

13. **Disputed.** Debtors misstate the document. The email does not specifically refer to "the Amendment" to the APA. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. *See* Debtors' Ex. G; Elliott Decl. at ¶¶ 16, 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document.

14. **Disputed.** Global disputes the implication that financial information about the properties originated from Global. Even the document attached by Debtors' demonstrates that the projections are based on information "provided" by Legends. Debtors' employees and advisors had superior and, in many cases, exclusive access to the true financial condition of the properties. Further, Debtors misled Global and the bankruptcy court as to the true nature of the properties' condition. *See* Elliott Decl. at ¶¶ 7-12, 17, 21-22. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document.

15. **Undisputed** for purposes of the Motion as to the fact that the document was filed. Global does not concede that each and every statement in filed document is a true and correct statement. **Disputed** that Debtors provided Global and the bankruptcy court with a complete and accurate picture of the deal financials and the condition of the properties. Global disputes that it had full and complete access to accurate financial information for the properties. Debtors' employees and advisors had superior and, in many cases, exclusive access to the true financial

condition of the properties. Further, Debtors misled Global and the bankruptcy court as to the true nature of the properties' condition *See* Elliott Decl. at ¶¶ 7-12, 17, 21-22.

16. **Disputed.** Debtors misstate the document. The email does not specifically refer to "the Amendment" to the APA, but rather states that there should be no renegotiation of the APA. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. Further, Global disputes Seaport's false assertion in the email that "Legends has been operating in the ordinary course as required by the Purchase Agreement." *See* Debtors' Ex. I; Elliott Decl. ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document. Further, assuming the document had been authenticated, each and every statement in the document is inadmissible hearsay not subject to any exceptions.

17. **Disputed.** Debtors misstate the document. Mr. Elliott's email is not about CapEx information received from the Debtors, but rather it is about Debtors not providing sufficient financial information. Mr. Elliott writes "is that all the data we were given?" Global disputes that it had full and complete access to accurate financial information for the properties. Debtors' employees and advisors had superior and, in many cases, exclusive access to the true financial condition of the properties. Further, Debtors misled Global and the bankruptcy court as to the true nature of the properties' condition *See* Elliott Decl. at ¶¶ 7-12, 17, 21-22. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document.

18. **Disputed.** Debtors misstate the document. The document references a proposed "modification" of the APA pursuant to certain limited terms. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. *See* Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document. Further, assuming the document had been authenticated, each and every statement in the document is inadmissible hearsay not subject to any exceptions.

19. **Disputed.** Debtors misstate the document. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. As stated in the email, Mr. Elliott says, "Your characterization that Global is attempting to re-trade the deal is just not accurate…. Absent certain revisions to the terms that more accurately reflect the financial condition of the property the structure won't work." *See* Debtors' Ex. L; Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document.

20. **Disputed.** Debtors misstate the document. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. As stated in the email, Mr. Elliott says, "Your characterization that Global is attempting to re-trade the deal is just not accurate…. Absent certain revisions to the terms that more accurately reflect the financial condition of the property the structure won't work." *See* Debtors' Ex. M; Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary

foundation for admission of this document. Debtors fail to authenticate the document. Further, assuming the document had been authenticated, each and every statement in the document, other than statements allegedly made by Global, is inadmissible hearsay not subject to any exceptions.

21. **Undisputed** for purposes of the Motion.

22. **Disputed.** Debtors misstate Exhibit N. The email does not demonstrate that Mr. Elliott's CapEx concerns were "address[ed]." Rather the email indicates that Debtors were failing to provide Global with details about the CapEx spending. Further, Global disputes that the full extent of its CapEx concerns were just details on CapEx spending. Global was also concerned whether Debtors were spending CapEx appropriately (or at all). *See* Debtors' Ex. N; Elliott Decl. at ¶¶ 11-12, 14-15, Ex. 4. Debtors misstate the Exhibit O. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. *See* Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of Exhibit N and O. Debtors fail to authenticate either document. Further, assuming the documents had been authenticated, each and every statement in the documents, other than statements allegedly made by Global, is inadmissible hearsay not subject to any exceptions.

23. **Disputed.** Debtors misstate the document. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. *See* Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document. Further, assuming

the document had been authenticated, each and every statement in the document, other than statements allegedly made by Global, is inadmissible hearsay not subject to any exceptions.

24. **Disputed.** Debtors misstate the document. Debtors imply that Mr. Elliott intended to detail all the terms and conditions of the APA as amended in his email. The email does not reflect that intention. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. *See* Debtors' Ex. Q; Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document. Further, assuming the document had been authenticated, each and every statement in the document, other than statements allegedly made by Global, is inadmissible hearsay not subject to any exceptions.

25. **Disputed.** Debtors misstate the document. Debtors imply that Mr. Elliott intended to detail all the terms and conditions of the APA as amended in his email. The email does not reflect that intention. Debtors imply that the Amendment to the APA was a complete amendment that superseded all terms. This is contrary to the plain language of the Amendment itself and to emails such as this one. *See* Debtors' Ex. R; Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S. Further disputed that Debtors have laid the appropriate evidentiary foundation for admission of this document. Debtors fail to authenticate the document.

26. **Undisputed** for purposes of the Motion. Debtors fail to properly authenticate the Amendment, but Global does not dispute this fact or Exhibit S for purposes of the Motion.

27. **Undisputed** for purposes of the Motion that this document was filed. Global does not concede that each and every statement in the filed document is a true and correct statement.

**Disputed** that Debtors provided Global and the bankruptcy court with a complete and accurate picture of the deal financials and the condition of the properties. Global disputes that it had full and complete access to accurate financial information for the properties. Debtors' employees and advisors had superior and, in many cases, exclusive access to the true financial condition of the properties. Further, Debtors misled Global and the bankruptcy court as to the true nature of the properties' condition *See* Elliott Decl. at ¶¶ 7-12, 17, 21-22.

28. **Undisputed** for purposes of the Motion that this document was filed. Global does not concede that each and every statement in the filed document is a true and correct statement. **Disputed** that Debtors provided Global and the bankruptcy court with a complete and accurate picture of the deal financials and the condition of the properties. Global disputes that it had full and complete access to accurate financial information for the properties. Debtors' employees and advisors had superior and, in many cases, exclusive access to the true financial condition of the properties. Further, Debtors misled Global and the bankruptcy court as to the true nature of the properties' condition *See* Elliott Decl. at ¶¶ 7-12, 17, 21-22.

29. **Undisputed** for purposes of the Motion.

30. **Undisputed** for purposes of the Motion.

31. **Undisputed** for purposes of the Motion.

32. **Undisputed** for purposes of the Motion.

33. **Undisputed** for purposes of the Motion.

34. **Undisputed** for purposes of the Motion.

35. **Undisputed** for purposes of the Motion.

36. **Undisputed** for purposes of the Motion.

37. **Undisputed** for purposes of the Motion.

38. **Undisputed** for purposes of the Motion.

39. **Undisputed** for purposes of the Motion.

40. **Undisputed** for purposes of the Motion.

## GLOBAL'S ADDITIONAL STATEMENT OF AFFIRMATIVE DISPUTED MATERIAL FACTS TO BE TRIED

A. Legends had an obligation to continue to operate the properties in Ordinary Course of Business, which is defined in the APA as the "operation and conduct of the affairs of the [Debtors] in the ordinary course of business, consistent with past practice." *See* Debtors' Ex. A & S; Elliott Decl. at ¶¶ 5, 18-19.

B. Legends' obligation to operate the properties in the Ordinary Course of Business required Legends to do more than merely make capital expenditures ("CapEx"). *See* Debtors' Ex. A & S; Elliott Decl. at ¶¶ 5-7, 11-12.

C. Legends failed to operate the properties in the Ordinary Course of Business after signing the APA. *See* Elliott Decl. at ¶¶ 11-17, 21-23.

D. Legends breached the APA by failing to operate the properties in the Ordinary Course of Business. *See* Debtors' Ex. A & S; Elliott Decl. at ¶¶ 5-7, 11-17, 21-23.

E. The Amendment to the APA does not release or excuse Legends from its obligation to operate the properties in the Ordinary Course of Business. *See* Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S.

F. The parties did not intend to release or excuse Legends from its obligation to operate the properties in the Ordinary Course of Business. *See* Elliott Decl. at ¶¶ 18-19 & Debtors' Ex. S.

G. Legends misled Global about its accurate financial condition. *See* Elliott Decl. at ¶¶ 7-12, 17, 21-22; Declaration of Patrick M. Shelby in Support of Global's Opposition to Motion for Partial Summary Judgment and Motion in Limine ("Shelby Decl."), Ex. 9.

H. Legends concealed the fact that it was not operating the properties in the Ordinary Course of Business. *See* Elliott Decl. at ¶¶ 8-12, 16-7, 21-22; Shelby Decl. Ex. 9.

I. As of December 2012, Debtors' Amended Plan was not feasible. *See* Debtors' SOF No. 34 and Global Gaming's Objection to the Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended Through November 29, 2012, United States Bankruptcy court for the Western District of Louisiana Case No. 12-12013, Docket No. 353, including attached Declaration of Randall A. Fine in Support of Global Gaming's Objection to the Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended Through November 29, 2012, Docket No. 353-1.[2]; Elliott Decl. at ¶¶ 23-25.

J. Global's filings did not breach the APA because such conduct was not prohibited. *See* Debtors' Ex. A; Elliott Decl. ¶¶ 5, 23-25.

---

[2] This document is referenced by Debtors' in support of their motion for partial summary judgment (see Debtors' SOF No. 34) and is also the appropriate subject of judicial notice.

K. Global's filings did not breach the APA because Legends breached the APA first. *See* Debtors' Ex. A & S; Elliott Decl. at ¶¶ 5-7, 11-17, 21-23.

L. At all times prior to Legends' breach of the APA, Global intended to proceed to close the sale. *See* Elliott Decl. ¶¶ 23-25.

Respectfully submitted,

**GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC**

By:  **/s/ Louis M. Phillips**
Louis M. Phillips (La. Bar No. 10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
E-mail: lphillips@gordonarata.com

- AND -

Patrick ("Rick") M. Shelby (La. Bar No. 31963)
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
E-Mail: pshelby@gordonarata.com

- AND -

**Dentons US LLP**
C. Michael Moore
Gene R. Besen
2000 McKinney Ave, Suite 1900
Dallas, TX 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0910
Email: mike.moore@dentons.com
Email: gene.besen@dentons.com

***Attorneys for Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Solutions, LLC and Global Gaming Bossier City, LLC***