UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| GLOBAL GAMING LEGENDS, LLC, *et al*. | : : : | CIVIL ACTION NO. 13-3123 |
| VERSUS | : : | JUDGE HICKS |
| LEGENDS GAMING OF LOUISIANA-1, LLC, *et al*. | : : : : | MAGISTRATE JUDGE HORNSBY |

**SUPPLEMENTAL STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

In accordance with Federal Rule of Civil Procedure 56, Debtors/Defendants/Plaintiffs-in-Counter-Claim, Louisiana Riverboat Gaming Partnership, Legends Gaming of Louisiana-1, LLC, Legends Gaming of Louisiana-2, LLC, Legends Gaming, LLC, Legends Gaming of Mississippi, LLC and Legends Gaming of Mississippi RV Park, LLC (collectively, "Legends" or "Debtors") submit this *Supplemental Statement of Material Facts Not in Dispute* concerning their *Reply Memorandum Of Law In Further Support Of Legends' And The First Lien Parties' Motion For Partial Summary Judgment Of Global's Breach Of Contract Claim And Motion In Limine Concerning Feasibility*:

1. On January 2, 2013, Legends' counsel Andrew K. Glenn sent a letter to Global's CEO, John Elliott, and Global's counsel, Louis J. Price, concerning breaches of the APA and requesting a clear and unequivocal written response confirming Global's intent to close the transactions contemplated by the APA.[1] A true and correct copy of that letter is attached to the

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Legends' opening brief, filed on October 23, 2013.

Declaration of Shalini Kisten Rajoo in Support of Reply to Motion for Partial Summary Judgment and Motion *in Limine* (the "Rajoo Declaration") as **Exhibit T**.[2]

2. On January 7, 2013, Andrew K. Glenn sent a letter to Global's counsel, Gene R. Besen, again requesting a clear and unequivocal written response confirming Global's intent to close the transactions contemplated by the APA. A true and correct copy of that letter is attached to the Rajoo Declaration as **Exhibit U**.

3. On January 25, 2013, Global filed *Global Gaming's Objection to the Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended through November 29, 2012* [R. Doc. 88-21] (the "Plan Objection"), in which Global objected to the confirmation of the November Plan:

- "Global Gaming is the proposed purchaser of the Debtors' assets under the terms of the APA upon which the Plan is predicated. Regrettably, the business that was to be delivered to Global Gaming . . . no longer exists." (Plan Objection ¶ 1.)

- "[T]he Debtors' business today . . . is not the business that Global Gaming agreed to purchase . . . ." (Objection ¶ 2.)

- "Global Gaming now stands before the court as the only party in interest in this bankruptcy case willing to put a halt to this Plan before it is too late." (Plan Objection ¶ 3.)

- "[T]he deal has walked away from Global Gaming." (Plan Objection ¶ 4.)

- "The APA has not yet closed, and cannot close until this Court enters an order confirming the Plan. Furthermore, other closing conditions besides confirmation of the Plan must be satisfied, including approval of the transaction by the proper gaming authorities under the applicable gaming statutes." (Plan Objection ¶ 5.)

- "It is not necessary to wait until the sale closes to determine that the Debtors' projections are not achievable. . . . [N]o amount of Global Gaming's capital and substantial expertise can overcome the abysmal financial reality of the Debtor's business in time to avoid

---

[2] For ease of reference, the exhibits attached to the Rajoo Declaration, and referenced herein, are numbered in sequence to follow the exhibits attached to Debtors' 56.1 Statement of Material Facts Not in Dispute ("SOF"), filed on October 23, 2013.

2

certain default under the proposed credit agreements." (Plan Objection ¶ 8.)

- "[T]he Debtors' downward trajectory will likely not improve in 2013 and beyond, rendering feasibility of the Plan impossible." (Plan Objection ¶ 14.)

- "[T]he precipitous decline in EBITDA, and the Debtor's unrealistic projections have doomed the feasibility of the Plan." (Plan Objection ¶ 26.)

- "The APA forms the basis for the Debtors' Plan and . . . . Global Gaming's objections to Plan confirmation are premised on matters 'concerning the Sale' of the Debtors' assets, specifically, that the Sale cannot support a feasible Plan." (Plan Objection ¶ 29.)

4.      On November 28, 2012, Brian Gabbard, a Global Director, sent an email to Bill Lance, Chairman of the Global Board, regarding the casino properties' recent performance and discussing the possibility of "walking away" from the Global Sale even though that option would "open [Global] up to a lawsuit." A true and correct copy of this email is attached to the Rajoo Declaration as **Exhibit V**.

5.      On December 11, 2012, Ronnie Hicks, Special Assistant to Bill Lance, sent an email to David Sheinfeld, one of Global's business advisors, regarding Global's "exit strategy" for the Global Sale. A true and correct copy of this email is attached to the Rajoo Declaration as **Exhibit W**.

6.      On December 6, 2012, Robert Lannert, Global's Chief Operations Officer, sent an email to John Elliott regarding his expectations for the post-acquisition performance of the Legends' casino located in Bossier City. A true and correct copy of this email is attached to the Rajoo Declaration as **Exhibit X**.

7.      On December 21, 2012, Robert Lannert sent an email to John Elliott and Global's financial manager, Maria Canaga, regarding post-acquisition growth trends for the Legends' casino located in Vicksburg. A true and correct copy of this email is attached to the Rajoo Declaration as **Exhibit Y**.

This 3rd day of October, 2014.

    Respectfully submitted,

    BY:   /s/ Barry W. Miller
    William H. Patrick, III, La. Bar No. 10359
    Barry W. Miller, La. Bar No.  09678
    **Heller, Draper, Patrick & Horn, L.L.C.**
    650 Poydras Street, Suite 2500
    New Orleans, Louisiana 70130-6103
    Telephone: (504) 299-3300
    Fax: (504) 299-3399

    BY:*/s/Andrew K. Glenn*
    Andrew K. Glenn (admitted *pro hac vice*)
    Olga L. Fuentes-Skinner (admitted *pro hac vice*)
    Shalini Kisten Rajoo (admitted *pro hac vice*)
    **Kasowitz, Benson, Torres & Friedman LLP**
    1633 Broadway
    New York, New York 10019
    Telephone: (212) 506-1700
    **ATTORNEYS FOR LEGENDS GAMING OF LOUISIANA-1, LLC**


    **LATHAM & WATKINS LLP**
    BY:   /s/ Robert J. Malionek
    Robert J. Malionek (admitted *pro hac vice*)
    885 Third Avenue
    New York, New York 10022
    Telephone: (212) 906-1200
    Telecopier: (212) 751-4864
    Robert.Malionek@lw.com

    HARGROVE, SMELLEY,
    STRICKLAND & LANGLEY, A P L C
    Glenn L. Langley, Bar Roll No. 8019
    Post Office Box 59
    Shreveport, Louisiana 71161-0059
    (318) 429-7200
    (318) 429-7201 (Telecopy)

    **ATTORNEYS FOR WILMINGTON TRUST COMPANY AND THE *AD HOC* GROUP OF FIRST LIEN LENDERS**