UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GLOBAL GAMING LEGENDS, LLC, *et al.* | : <br> : <br> : <br> : CIVIL ACTION NO. 5:13cv3123 <br> : <br> : JUDGE HICKS <br> : <br> : MAGISTRATE JUDGE HORNSBY <br> : <br> : <br> : |
| VERSUS | |
| LEGENDS GAMING OF LOUISIANA-1, LLC, *et al.* | |

PLAINTIFFS' SUR-REPLY IN OPPOSITION TO LEGENDS' AND
THE FIRST LIEN PARTIES' MOTION FOR PARTIAL
SUMMARY JUDGMENT OF GLOBAL'S BREACH OF CONTRACT
<u>CLAIM AND MOTION *IN LIMINE* CONCERNING FEASIBILITY</u>

**INTRODUCTION**

Mindful that sur-replies, generally, are looked upon with less than great favor, Global, respectfully, submits that this proceeding is one in which a sur-reply is warranted. Legends' and the First Lien Parties' Reply Memorandum of Law in Further Support of Legends' and the First Lien Parties' Motion for Partial Summary Judgment of Global's Breach of Contract Claim and Motion in Limine Concerning Feasibility, [ECF Doc. 132] (the "<u>Reply</u>"), invites the court, for the first time, to find that Global repudiated the APA.  Parties cannot bring new grounds for summary judgment for the first time by Reply.  Legends and the First Lien Parties' opening Motion for Partial Summary Judgment of Global's Breach of Contract Claim and Motion in Limine Concerning Feasibility [ECF Docs. 57,58] (the "<u>Motion</u>") asked the Court to dismiss Global's breach of contract claims against Legends and for partial summary judgment or an order via motion in limine limiting evidence because Legends did not need to show that its plan was feasible - therefore evidence relating to feasibility would be irrelevant and not subject to

1

discovery. Their Reply, however, spends 16 pages articulating a new claim for summary judgment, asking the Court to find that no fact issue exists regarding whether Global repudiated the APA, so that Global is liable as a matter of law. Legends' attempt to transform its feasibility arguments into a request for summary judgment on its anticipatory repudiation claim by means of a Reply should not be permitted.

First, as a technical matter, Legends' anticipatory repudiation claim is not properly before the Court. Legends and the First Lien Parties cannot raise a new argument for the first time in their Reply—much less an entirely new basis for summary judgment relief, as they try to do here. Global has expressly not briefed the issue of repudiation and noted in its Response that the issue was not before the Court.

Second, repudiation is question of material and disputed fact and discovery is still ongoing. In fact, the parties are currently trying to work through issues related to Legends deficient discovery responses, and Global has sought now two agreed extensions of the motion to compel deadline within the scheduling order because Legends has not complied with its obligations to produce documents or to answer interrogatories completely. Legends' Reply is a thinly veiled attempt to obtain relief—not only on its anticipatory repudiation claim—but from the discovery obligations it has failed and/or refused to meet. Any decision regarding whether Global repudiated the APA should be stayed until further, and adequate, discovery is obtained from Legends.

Finally, this sur-reply is necessary because Legends and the First Lien Parties' Prevention Doctrine argument misleads the Court by omitting material parts of the record from the bankruptcy proceedings. Specifically, Legends contends that it need not prove that the Legends Plan of reorganization would have been confirmed because Global "actively frustrated" that

closing condition (thereby preventing closing). What Legends fails to disclose, however, is that both Legends and the bankruptcy court invited Global to engage in the very "obstructionist tactics" about which Legends now complains, and the omitted bankruptcy records unequivocally demonstrate this. Legends cannot now argue that Global's filing of a confirmation objection, when Legends' itself stated feasibility is an issue best left for confirmation, somehow relieves Legends of its obligation to show that they were ready, willing, and able to deliver a confirmed bankruptcy plan, as required by the APA.[1]

**ARGUMENT**

**I. Legends Improperly Seeks Summary Judgment on Anticipatory Repudiation Raised for the First Time Within its Reply, Wrongly Argues that No Fact Dispute Exists on Legends' Anticipatory Repudiation Claim, and Must be Ordered to Provide Discovery Before Summary Judgment on Repudiation is Ripe**

*A. This Court must disregard Legends' summary judgment arguments, raised for the first time in the Reply, that Legends' has established its anticipatory repudiation claim as a matter of law.*

The question of whether fact issues exist with respect to Legends' anticipatory repudiation claim is not properly before the Court, even though Legends and the First Lien Parties' Reply suggests otherwise. The Fifth Circuit is abundantly clear that courts "should not entertain arguments raised for the first time in a reply brief." *United State v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *see also Morgan v. Swanson*, 641 F.3d 877, 884 n.10 (5th Cir. 2010) (stating that issues raised for the first time in a reply brief are waived). Here, Legends and the First Lien Parties' Reply raise—not just a new argument—but a new and different basis for summary judgment relief.

---

[1] As Global has briefed, the bankruptcy court granted in part Global's motion to vacate the order approving the Legends' amended disclosure statement, and referred all matters regarding feasibility of the Legends plan of reorganization to the confirmation hearing. In so doing the bankruptcy court expressly recognized Global's standing to bring such a motion with respect to the disclosure statement order, which standing carried over to the confirmation hearing process. Had Global so clearly repudiated the APA, shouldn't the bankruptcy court have precluded further breach of contract by prohibiting an objection to confirmation grounded in feasibility? Would the bankruptcy court have granted Global's motion to vacate in part? Simple answer: No.

The Motion, in fact assumes their claim for repudiation of the APA is grounded in issues of fact, and seeks only an order (1) dismissing Global's breach of contract claim (waiver, novation—based upon what they say is unambiguous contract language); and (2) finding that the issue of feasibility, which is one of Global's affirmative defenses to Legends' anticipatory repudiation claim, "is irrelevant" as a matter of law. [ECF Doc. 58 at 17-36]. In other words, Legends argues that if Legends is able to establish a claim for repudiation (which the Motion does not suggest it can as a matter of law), Global cannot defend against it on the basis that Legends could not have confirmed an unfeasible plan and therefore could not meet a condition precedent. Nowhere in the Motion, do they ask this Court to find that Global repudiated the APA as a matter of law.[2] For that reason—alone—Global did not brief anticipatory repudiation in its Response. Global did, however, make clear in its Response that Repudiation was not properly before the Court. [ECF Doc. 75 at 25, n. 19] ("the Debtors' Motion seemingly avoids and does not place in controversy whether or not Global actually repudiated the APA."); (*Id*. at 26-27)("whether or not Global clearly and unequivocally repudiated the APA is a question of fact, and not one that the Debtors or First Lien Parties have put before the Court in this Motion.").

Instead, Global addressed only the bases for summary judgment relief that Legends and the First Lien Parties raised in their opening Motion. Only with respect to feasibility does Global discuss anticipatory repudiation because feasibility is an appropriate affirmative defense to Legends' repudiation claim, and because in its Motion Legends asked this Court to apply the wrong feasibility standard to the affirmative defense asserted by Global. [ECF Doc. 75 at 14-3].

Legends and the First Lien Parties now argue, for the first time, that they have established Global's repudiation as a matter of law. Specifically, the Reply attempts to transform the

---

[2] Indeed, the only place in Legends' Motion that even argues Global's alleged repudiation is a single sentence in a footnote. [ECF Doc. 58 at 28, n. 7].

4

centerpiece question of whether Legends and the First Lien Parties must demonstrate their ability to confirm the Plan (i.e. feasibility)[3] into a new motion through its Reply—seeking a legal determination that Global repudiated the APA. [ECF Doc. 138 at 2] ("there is no factual dispute that Global repudiated"); (*id.* at 5) ("[n]othing in Global's opposition controverts the fact that Global repudiated"); (*id.* at 6) ("Global's actions constitute anticipatory repudiation under New York law"). Global's feasibility defense and Legends' repudiation claim are **not** two sides of the same coin, as Legends and the First Lien Parties would have this Court believe. Legends' anticipatory repudiation requires it to establish that it was ready, willing and able to close the APA by, among other things, establishing that the conditions precedent to closing the APA could have been met, including confirming the Plan.

Indeed, setting aside that Legends must show it could have confirmed its plan, prerequisite to closing the transaction, Legends must still prove (i) that it did not breach the APA first, through failing to operate in the ordinary course of business as required by the APA (and not novated by terms of the amended APA dealing only with Cap Ex expenditures), (ii) that Global repudiated the APA **and** (iii) that it can overcome Global's other affirmative defenses, such as waiver, estoppel, and unclean hands—all of which necessarily require factual determinations. [ECF Doc. 39 ¶ 62]. Legends and the First Lien Parties attempt to bypass these fact questions by erroneously asserting "there is no factual dispute that Global repudiated." [ECF Doc. 138, at 2]. As discussed below, Legends knows full well that fact questions plague its anticipatory repudiation claim; otherwise it would have raised the issue in the opening Motion

---

[3] Note the feasibility argument is now shuttled to the rear of the Reply in an attempt to hide the fact that feasibility, always the focus of Legends' new strategy—forget what we said; forget applicable law; Global should not be able to obtain feasibility discovery—is a losing cause for Legends (promulgator of the feasibility standard as the governing one in pleadings before the bankruptcy court).

and/or sought summary judgment on its anticipatory repudiation claim and afforded Global the opportunity to respond.

Because Legends and the First Lien Parties waited until their Reply to raise the issue of whether fact questions exist relating to the alleged repudiation, this Court should not entertain the issue now. In fact, while the issues raised by the Motion are ready for summary judgment review (so that, in Global's opinion, the motion will be denied), the anticipatory repudiation claim must be left for later, so that Legends can be ordered to complete discovery (Global thinks such an order will be necessary, ultimately). Contemporaneously with the filing of the motion for leave to file this sur-reply, Global is filing a motion under Rule 56(d), seeking an order from this Court declining to consider the request for summary judgment on repudiation until the completion of discovery.

### B. The parties are still conducting discovery.

Even if the Court were inclined to consider taking up the issue of repudiation, discovery on this issue is far from complete. As separately moved for and briefed, Federal Rule of Civil Procedure 56(d) permits a court to defer consideration of any summary judgment issue if a non-movant shows that "for specified reasons, it cannot present facts essential to justify its position." The parties are currently in the midst of working through Legends woefully deficient discovery responses. After numerous meet and confers and other efforts by Global to resolve the issue out of court, Legends produced an additional 2,400 documents on October 8, 2014 and states that it will continue to make a "rolling production" through the end of October. For these reasons, Global believes that any briefing on its alleged repudiation must be stayed until Legends completes its production and makes witnesses available for depositions, so that Global can have an opportunity to fully respond.

### C. *Fact issues prevent this Court from finding that Global repudiated the APA as a matter of law.*

In addition to discovery being far from complete, it is clear that fact issues permeate a determination of Global's alleged repudiation. For instance, material fact issues exist regarding whether Global's conduct was a clear and unequivocal repudiation and Legends' proffered evidence is far from unequivocal. For example, simply stating that "the sale transaction cannot be closed **under the terms of the APA**," which requires confirmation as a condition precedent to closing, is not tantamount to an unequivocal statement that Global was refusing to close the transaction or walking away from the APA. [*See*, ECF Doc. 138 at 6](emphasis added).

Similarly, the allegation and argument of counsel that Global's "carefully crafted" response to Legends' request for adequate assurance did not provide Legends the assurance it sought, does not in and of itself constitute a clear and unequivocal repudiation. [ECF Doc. 138 at 6]. Whether or not Global's response provided adequate assurance of its future performance—in itself—presents a fact question. To that end, Global's response clearly stated, among other things, that "Global Gaming remains interested in working with the Debtors to avoid protracted litigation, **consummate this transaction**, and save jobs…" [ECF Doc. 75, Shelby Decl. Ex. 12, at 2](emphasis added).

Moreover, Legends' own bankruptcy filings show that Global *did not* repudiate the APA. In its Response to Global's Motion to Vacate, for example, Legends wrote that when it asked whether Global was walking from the deal, Global's counsel replied "Global was not out, but **did not see the existing deal working**," as the financials had declined to a point where a finding of feasibility was unlikely. (Response to Global's Motion to Vacate [Bankr. Case No. 12-12013, ECF Doc. 319 ¶ 16])(emphasis added). Thus, even Legends own statements present a

7

conflicting record as to whether Global repudiated the APA, necessitating a factual determination.

Furthermore, before considering whether Global repudiated the APA, this Court must make a factual determination that Legends did not first breach the APA by failing to operate in the ordinary course. Legends and the First Lien Parties attempt to circumvent this issue by arguing that the capital expenditure provision in the Amendment novated or waived Legends earlier breaches. Even if the capital expenditure provision in the Amendment could be a novation or waiver (which it cannot), it can only waive or novate Legends' breach of failing to make capital expenditures consistent with its past business practices. But failing to make capital improvements is just one of *many* ways Legends deviated from its ordinary course of operations, because making capital expenditures does not equate to operating in the ordinary course as defined in the APA. The Amendment's CapEX provision cannot waive or novate, for example, Legends' failure to maintain and/or continue its marketing, maintenance, and housekeeping practices, among others.

Finally, Global's other affirmative defenses to anticipatory repudiation, such as waiver, estoppel, and unclean hands, each also create fact questions. [ECF Doc. 39 ¶ 62]. Accordingly, it would be premature for this Court to rule on Legends' anticipatory repudiation claim as a matter of law.

## II. Legends Misstates and Omits Material Parts of the Bankruptcy Court Record

Legends and the First Lien Parties' Reply also misstates and omits material parts of the bankruptcy court record, requiring clarification in this sur-reply. Specifically, Legends asks this Court to believe that Global's filing of a Motion to Vacate and Objection to Confirmation of the Plan constitute a repudiation of the APA that frustrated or prevented Legends from confirming

the Plan. [ECF Doc. 138 at 13-15]. The record, however, makes clear that Legends, not Global, prevented confirmation of the Plan by its unilateral decision to withdraw the Plan from the bankruptcy court's consideration. This action was taken only after stating in the supplement to its Amended Disclosure Statement that Legends requested the "confirmation process continue and any feasibility issues be dealt with in connection with the Confirmation Hearing." [Bankr. Case No. 12-12013, ECF Doc. 327 at 3]. Legends further stated that "the Plan is feasible and confirmable for numerous reasons…" *Id*. at 6. Yet, in the weeks that followed, Legends determined that litigation brought better odds than attempting to confirm its Plan, because the odds were that the chances of confirmation were nil. Deciding to try its luck at litigation rather than risking the outcome of the Confirmation Hearing, Legends withdrew its Plan and terminated the APA.

Yet, far from obstructing or preventing confirmation of the APA, both Legends and the Bankruptcy Court invited Global to express its feasibility concerns in the Confirmation process. [ECF Doc. 88-18, at 7; ECF Doc. 88-20, at 4]. It was Legends' Plan that Global would be stuck with and failure to raise its concerns at this stage would have been disastrous, as the current state of the Legends' casinos reflect. Legends cannot now argue in good faith that Global's Objection to Confirmation *prevented* Legends from going forward with the Confirmation Hearing, when Global essentially filed the Objection upon Legends' invitation to do so, and in conformity with (i) the bankruptcy court's rulings that Global was a party in interest with standing to participate in the disclosure statement and confirmation process, [ECF Doc. 88-19]. and (ii) Legends' own assertions that feasibility was an issue that it had to prove as a condition of confirmation of its plan of reorganization [ECF Doc. 88-16, at D-98]. Knowing it could not meet its own published standard, Legends folded; hoping that it could convince Judge Callaway not to hold it to its own

9

published standards of confirmation and to forget about the law. Knowing it is in a different court that will not countenance such a ploy Legends now tries a different tack, by trying to bring a new argument and request for relief through its Reply. This Court should reject this transparent attempt to circumvent the strictures of Rule 56.

## CONCLUSION

For the foregoing reasons, Global respectfully requests that this Court DENY Legends' and the First Lien Parties' Motion for Partial Summary Judgment of Global's Breach of Contract Claim and Motion *in Limine* Concerning Feasibility.

*### Signature Page Follows on Next Page ###*

Respectfully submitted,

**GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC**

By: **/s/ Louis M. Phillips**
Louis M. Phillips (La. Bar No. 10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
E-mail: lphillips@gordonarata.com

- AND -

Patrick ("Rick") M. Shelby (La. Bar No. 31963)
Meredith S. Grabill (La. Bar. No. 35484)
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
E-Mail: pshelby@gordonarata.com
E-mail: mgrabill@gordonarata.com

- AND -

**Dentons US LLP**
C. Michael Moore
Gene R. Besen
2000 McKinney Ave, Suite 1900
Dallas, TX 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0910
Email: mike.moore@dentons.com
Email: gene.besen@dentons.com

***Attorneys for Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Solutions, LLC and Global Gaming Bossier City, LLC***

11

## **CERTIFICATE OF SERVICE**

  I certify that on October 13, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

              */s/ Louis M. Phillips*_____
              Louis M. Phillips (La. Bar No. 10505)