**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | : | |
|---|---|---|
| **GLOBAL GAMING LEGENDS, LLC,** *et al.* | : : : | **CIVIL ACTION NO. 13-3123** |
| **VERSUS** | : : | **JUDGE HICKS** |
| **LEGENDS GAMING OF LOUISIANA-1, LLC,** *et al.* | : : : | **MAGISTRATE JUDGE HORNSBY** |

**OPPOSITION TO GLOBAL'S MOTION PURSUANT TO RULE 56(d)**

Defendants and Plaintiffs-in-Counter-Claim, Louisiana Riverboat Gaming Partnership, Legends Gaming of Louisiana-1, LLC, Legends Gaming of Louisiana-2, LLC, Legends Gaming, LLC, and Legends Gaming of Mississippi, LLC, ("Legends" or "Debtors") and the First Lien Parties,[1] (together with Legends, the "Movants") respectfully submit this memorandum in opposition to Global's[2] *Motion Pursuant to Rule 56(d)* (the "Rule 56(d) Motion").

**I.   INTRODUCTION.**

Global's Rule 56(d) Motion should be denied because Global cannot demonstrate that it meets the standard for Rule 56(d) relief. On October 23, 2013, Movants filed their motion for partial summary judgment [R. Doc. 57] (the "SJ Motion"). Global filed its 52-page opposition [R. Doc. 88] (the "Opposition") on September 12, 2014, and on October 3, 2014, Movants filed their reply in further support of the SJ Motion [R. Doc. 138] (the "Reply").[3]

---

1.   The "First Lien Parties" include Wilmington Trust Company, solely in its capacity as Administrative Agent under that certain Amended and Restated First Lien Credit Agreement, dated as of August 31, 2009, and the ad hoc group of lenders under the Amended and Restated First Lien Credit Agreement that have intervened in the above-captioned adversary proceeding.

2.   "Global" refers to Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Bossier City, LLC and Global Gaming Solutions, LLC.

3.   Capitalized terms not otherwise defined herein have the meaning ascribed to them in Movants' SJ Motion and Reply.

On October 13, 2014, Global filed a sur-reply [R. Doc. 150] (the "Sur-Reply"), falsely claiming that Movants had not asserted anticipatory repudiation arguments in the SJ Motion, but addressed them for the first time on Reply, thus depriving Global of the opportunity to respond to Movants' anticipatory repudiation arguments in its Opposition. (Sur-Reply at 2.) Global also made the belated and unjustifiable claim that additional, unspecified discovery was necessary to permit Global an opportunity to "fully respond" to Movants' anticipatory repudiation arguments. (Sur-Reply at 6.) Both assertions are meritless.

Global's Rule 56(d) Motion should be denied because Global has not met (nor can it meet) the threshold burden under Rule 56(d) of demonstrating "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time, probably exist and indicat[ing] how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014). Indeed, Global's failure to specify *any* additional discovery that will raise a genuine issue of material fact concerning Global's anticipatory repudiation of the APA, is fatal to its demand for Rule 56(d) relief.

## II.   GLOBAL'S BELATED DEMAND FOR RULE 56(d) DISCOVERY.

Global's belated demand for Rule 56(d) discovery is a transparent litigation tactic calculated to stave off a decision on the SJ Motion and increase Movants' litigation costs. When Global filed its Opposition—just a few weeks ago, *after* meet and confer discussions to identify any purportedly outstanding discovery were well underway—Global said nothing about requiring further discovery to challenge Movants' anticipatory repudiation arguments. Global's Opposition simply denied that Movants had offered "any credible evidence demonstrating [Global's] unequivocal repudiation of the APA," without so much as *hinting* at any need for

additional discovery on this—or any other—issue prior to a ruling on the SJ Motion. (Opp'n at 27.)

After Movants submitted their Reply, reiterating that they are entitled to summary judgment and that Global unequivocally repudiated the APA, Global suddenly changed tack, claiming that it required "wide swaths" of additional discovery before it could respond to Movants' anticipatory repudiation arguments. (Mot. at 2.) This unsupported suggestion ignores that Global *already* responded to Movants' anticipatory repudiation arguments, and that Global has access to all the information and documents it could require on this issue.

Tellingly, Global cannot identify the "wide swaths" of discovery it now seeks, or how that discovery would allow it to raise genuine issues of material fact concerning its anticipatory repudiation and breach of the APA. Global makes the conclusory assertion that, "internal Legends' communications and information" are "essential to the resolution of Global's breach of contract claim and its defense to Legends' claims for anticipatory repudiation" (Mot. at 3), but makes no attempt to explain what those documents are likely to reveal or how Legends' internal documents and communications could rebut Movants' assertion that Global demonstrated its unequivocal intention *not* to perform under the APA.

It is hardly surprising that Global cannot identify any outstanding discovery from Legends that would rebut Movants' anticipatory repudiation arguments: it is wholly inconceivable that the issue of whether *Global* intended to repudiate the APA could be explained by *Legends'* documents and witnesses, rather than *Global's own documents and witnesses*. The only discovery relevant to Global's repudiation of the APA is exclusively within Global's own possession.

Global suggests that the parties' meet and confer discussions have addressed or otherwise identified the Rule 56(d) discovery Global seeks and that the SJ Motion should be delayed pending this discovery. That suggestion lacks foundation. In meet and confer correspondence, Global has alleged that Legends' prior document productions were deficient because: (1) Legends' production of internal communications was inadequate; (2) Legends had not produced a wide range of documents related to the day-to-day management of its business operations; and (3) Legends had failed to produce documents related to the feasibility of its proposed bankruptcy plan. (Rajoo Decl. ¶ 6 (meet and confer communications focused exclusively on Global's demands for production of Legends' internal communications, documents related to Legends' decision to sell assets, negotiation of APA, Legends' ordinary course business operations and feasibility of Legends' bankruptcy plan).)[4] The parties' meet and confer communications have *not* addressed discovery relevant to Movants' anticipatory repudiation claims. (Rajoo Decl. ¶¶ 7–8.) And, as set forth above, it is not at all clear how Legends' witnesses and documents could rebut evidence of Global's anticipatory repudiation. In other words, and contrary to Global's representation to this Court, Global has not specified the discovery it contends it requires.

Stripped of the rhetoric and invective, the substance of Global's Rule 56(d) Motion and accompanying declaration is this: forthcoming discovery concerning Legends' business operations and internal communications *might* provide information regarding Global's repudiation of the APA and, for this reason, the Court should defer any decision on the SJ Motion to permit further unspecified discovery. (Mot. at 2–4 and 7; *Decl. of Gene R. Besen In*

---

4.  References to "Rajoo Decl." are to the Declaration of Shalini Kisten Rajoo, filed contemporaneously herewith.

4

*Support of Plaintiffs Rule 56(d) Motion* (summarizing status of parties' ongoing discovery efforts without identifying any additional discovery that will rebut Movants' anticipatory repudiation arguments).) As set forth below, Global is wrong as a matter of law.

### III.      LAW AND ARGUMENT

#### A.      Rule 56(d) Standard.

The burden of demonstrating that further discovery warrants continuance of a party's summary judgment motion rests squarely on the party seeking relief pursuant to Rule 56(d). To succeed on a Rule 56(d) motion, the party seeking relief must "'present specific facts explaining [its] inability to make a substantive response . . . and specifically demonstrat[e] how postponement of a ruling on the motion will enable [it], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Shelton v. Lemons*, 486 F. App'x 395, 396–97 (5th Cir. 2012) (quoting *Wash. v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). At a minimum, a party seeking relief by "Rule 56[d] motion must demonstrate 1) why [it] needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999).

Because "Rule 56 does not require that any discovery take place before summary judgment can be granted," *Wash.*, 901 F.2d at 1285–86, a party seeking relief pursuant to Rule 56(d) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *SEC v. Spence & Green Chem. Co*., 612 F.2d 896, 901 (5th Cir. 1980), *cert. denied*, 449 U.S. 1082 (1981). Instead, the party seeking Rule 56(d) relief must establish "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame . . . if adduced, will influence the outcome of the pending summary judgment motion." *McKay*, 751 F.3d at 700.

### B. Global Has Not Identified *Any* Discovery That Will Influence The Outcome Of The Pending Summary Judgment Motion.

As Global acknowledges, to succeed on a Rule 56(d) motion, Global must point to the specific facts it expects to obtain through further discovery that will allow it to rebut Movants' anticipatory repudiation arguments. (*See, e.g.*, Mot. at 6–7 ("Global believes that the discovery identified in Mr. Besen's declaration will establish a defense to Legends' anticipatory repudiation claims.").) But Global's motion falls far short of the fact-specific showing required under Rule 56(d). The Rule 56(d) Motion reiterates that the parties are working through discovery disputes and asserts, without explanation, that documents related to *Legends' business operations* and *Legends' internal communications* are "important" and will "illuminate" whether Global's alleged repudiations were clear and unequivocal repudiations of the APA. (Mot. at 3 and 7.) But these conclusory statements do not explain what facts, adduced through further discovery, will influence the outcome of the pending summary judgment motion. Unsubstantiated assertions of this nature are insufficient to support relief under Rule 56(d). *See Wash.*, 901 F.2d at 1286 (party's "'casual reference to the existence of ongoing discovery falls far short of showing how the desired time would enable it to meet its burden in opposing summary judgment'"); *Spence & Green Chem. Co.*, 612 F.2d at 901 (party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts").

The supporting declaration submitted by Global's counsel does nothing to advance its cause. Like its Rule 56(d) Motion, Global's declaration merely repeats that the parties are negotiating the parameters of additional discovery and suggests, off-handedly, that this additional discovery will contain information "relating to . . . Global's alleged repudiation of the APA," without explaining what that additional discovery comprises or how that discovery will raise genuine issues of material fact in response to Movants' anticipatory repudiation arguments.

(Besen Decl. ¶¶ 3–9 (stating that Legends is still producing documents; Global is still reviewing documents; Legends is still preparing supplemental responses to interrogatories; and both parties still need to conduct depositions)). "Rule 56 does not require that any discovery take place before summary judgment can be granted," *Wash.*, 901 F.2d at 1285, however, and Global's vague contentions regarding generalized potential discovery issues are insufficient to warrant Rule 56(d) relief. In other words, Global's Rule 56(d) Motion should be denied because it has not satisfied the threshold showing that additional discovery will raise a genuine issue of material fact sufficient to challenge Movants' anticipatory repudiation arguments.

### C. Any Information Global Might Use To Challenge Movants' Anticipatory Repudiation Arguments Is Uniquely Within Global's Control.

To the extent that any information exists with which to challenge Movants' anticipatory repudiation arguments, that information is within Global's exclusive possession, custody, and control.

Anticipatory repudiation claims necessarily revolve around the repudiating party's conduct and intent. Movants' claim that Global anticipatorily repudiated the APA may be established or rebutted only through evidence of *Global's* conduct and intent—*evidence that is exclusively within Global's control*. It is inconceivable that Legends' witnesses or documents—particularly documents regarding Legends' business operations, the feasibility of its proposed bankruptcy plan and its internal communications—could better explain whether Global intended to repudiate the APA than *Global's own witnesses and documents*.

Because the only information that might be relevant to Movants' anticipatory repudiation claims is within Global's exclusive control, logic dictates that Global would have adduced that evidence in support of its Opposition or, more recently, in support of its Sur-Reply, if it exists at all. The fact that Global has not adduced such evidence is telling, and compels the conclusion

7

that further discovery will not "enable [Global] . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Spence & Green Chem. Co.*, 612 F.2d at 901 (internal quotation marks omitted). Accordingly, the Court should deny Global's Rule 56(d) Motion.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Movants respectfully pray that this Honorable Court deny Global's Rule 56(d) Motion and grant any other relief that is just and proper under the circumstances. Movants reassert the requests and prayers set forth in their *Motion For Partial Summary Judgment Of Global's Breach Of Contract Claim And Feasibility Defense And Motion In Limine Concerning Feasibility* and pray that the relief requested therein be granted.

This 29th day of October 2014.

Respectfully submitted,

| | |
|---|---|
| CO-COUNSEL:<br>Glenn L. Langley, La. Bar No. 8019<br>**Hargrove, Smelley, Strickland<br>  & Langley, A. P. L. C.**<br>401 Market St., Suite 600<br>American Tower<br>P. O. Box 59<br>Shreveport, LA  71161-0059<br>Telephone:  318-429-7200<br>glangley@hss-law.net | BY:  */s/* Barry W. Miller<br>William H. Patrick, III, La. Bar No. 10359<br>Barry W. Miller, La. Bar No. 09678<br>**Heller, Draper, Patrick<br>  & Horn, L.L.C.**<br>650 Poydras Street, Suite 2500<br>New Orleans, Louisiana 70130-6103<br>Telephone:  (504) 299-3300<br>bmiller@hellerdraper.com |
| BY:  */s/* Robert J. Malionek<br>Robert J. Malionek (admitted *pro hac vice*)<br>Kira S. Dabby (admitted *pro hac vice*)<br>**Latham & Watkins LLP**<br>885 Third Avenue<br>New York, NY  10022<br>Telephone:  (212) 906-1200<br>Robert.Malionek@lw.com<br>Kira.Dabby@lw.com<br><br>**ATTORNEYS FOR THE FIRST LIEN PARTIES** | BY:  */s/* Andrew K. Glenn<br>Andrew K. Glenn (admitted *pro hac vice*)<br>Shalini Kisten Rajoo (admitted *pro hac vice*)<br>**Kasowitz, Benson, Torres<br>  & Friedman LLP**<br>1633 Broadway<br>New York, New York 10019<br>Telephone:  (212) 506-1700<br>aglenn@kasowitz.com<br>srajoo@kasowitz.com<br><br>**ATTORNEYS FOR LEGENDS** |