UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| GLOBAL GAMING LEGENDS, LLC, *et al*. | : | CIVIL ACTION NO. 13-3123 |
| | : | |
| VERSUS | : | JUDGE HICKS |
| | : | |
| LEGENDS GAMING OF LOUISIANA-1, LLC, *et al*. | : | MAGISTRATE JUDGE HORNSBY |

### RESPONSE TO GLOBAL'S SUR-REPLY TO LEGENDS' AND THE FIRST LIEN PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION *IN LIMINE*

Defendants and Plaintiffs-in-Counter-Claim, Louisiana Riverboat Gaming Partnership; Legends Gaming of Louisiana-1, LLC; Legends Gaming of Louisiana-2, LLC; Legends Gaming, LLC; and Legends Gaming of Mississippi, LLC (collectively, "Legends"), and Wilmington Trust Company, solely in its capacity as Administrative Agent under the Amended and Restated First Lien Credit Agreement, dated as of August 31, 2009, and the ad hoc group of lenders under the Amended and Restated First Lien Credit Agreement who have intervened in the above-captioned proceeding (together with Wilmington Trust Company, the "First Lien Parties"), respectfully submit this response to Global's[1] sur-reply, which was filed on October 13, 2014 [R. Doc. 150] (the "Sur-Reply").[2]

---

[1] "Global" refers to Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Bossier City, LLC and Global Gaming Solutions, LLC.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Legends' opening brief, filed on October 23, 2013 [R. Doc. 57] (the "Motion") and Legends' reply brief filed on October 3, 2014 [R. Doc. 138] (the "Reply").

Global's Sur-Reply is premised on the false assertion that Legends and the First Lien Parties (together, the "Movants") first raise the issue of Global's anticipatory repudiation and breach in their Reply, thus depriving Global of the opportunity to respond to these arguments in its opposition (the "Opposition"). As set forth below, Global had ample opportunity to respond to Movants' anticipatory repudiation arguments and did, in fact, do so in its Opposition. The Sur-Reply merely recycles Global's Opposition arguments and belatedly (and unjustifiably) asserts that Global now requires unspecified additional discovery to "fully respond" to Movants' anticipatory repudiation argument.

The Motion sets forth the following principal arguments that warrant summary judgment dismissing Global's breach of contract claims:

- *Anticipatory repudiation.* Under settled principles of New York law, where a repudiating party actively frustrates a closing condition, the non-repudiating party is excused from any obligation to prove that the condition would have been satisfied. Global's declaration that the Legends sale was a "dead deal" and its concerted efforts to obstruct confirmation of Legends' bankruptcy plan constitutes anticipatory repudiation and breach of the APA. (Mot. at 11–14.) Global's anticipatory repudiation and breach excused Legends from any obligation to prove that its plan was "feasible" and that the Bankruptcy Court would have confirmed that plan. (Mot. at 27–36.)

- *Waiver and Estoppel.* By accepting the terms of the Amendment in settlement of Legends' alleged pre-Amendment CapEx breaches, Global waived the right to sue for those breaches or to assert them as a defense to Legends' breach of contract claim. (Mot. at 25–27.)

2

- *Novation*. Novation of the parties' original agreement precludes any claims Global *may* have had for alleged breaches of the APA before the November 2012 Amendment. (Mot. at 19–25.)

Global responded to each of these arguments in its 52-page opposition brief filed on September 12, 2014 [R. Doc. 88] (the "Opposition"). In fact, Global devotes several pages of its Opposition—including a section entitled, "The Subject Of Whether The Amended Plan Was Feasible Is Directly Relevant To The Debtors' Ability To Prove The Elements Of Their Anticipatory Repudiation Claim"—to arguing that Movants' anticipatory repudiation arguments are not viable and should not be sustained. (Opp'n at 25–32.) Thus, any claim that "Global has expressly *not briefed the issue of repudiation*" is demonstrably false. (Sur-Reply at 2 (emphasis added).)

Global argues that it only responded to Movants' anticipatory repudiation arguments "with respect to feasibility," but did not respond to the assertion that Global repudiated the APA "as a matter of law." (Sur-Reply at 4.) This is a meaningless distinction. Throughout its Opposition, Global directly addresses Movants' claim that Global anticipatorily repudiated the APA. (Opp'n at 24 ("anticipatory repudiation mandates a fact intensive inquiry"); Opp'n at 25 ("evidence will show that Global never repudiated its obligations under the APA"); Opp'n at 27 "[w]hether Global actually repudiated the APA is a determination of fact.").)[3] That Global chose to respond to those claims in a non-substantive and dismissive manner was its strategic choice.

---

[3] Movants do not repeat here their responses to Global's arguments, all of which are addressed in Movants' Reply. (Reply at 4-19.) Global's arguments are set forth above solely to demonstrate that its Opposition does, in fact, address anticipatory repudiation and that the Sur-Reply is Global's impermissible attempt at a re-do.

3

Tellingly, Global's Sur-Reply fails to raise any disputed issues of material fact that would preclude summary judgment in favor of the Movants. Instead, Global simply recycles the arguments set forth in its Opposition, *i.e.*:

- its claim that anticipatory repudiation is "fact-intensive" and inappropriate for resolution on a summary judgment motion (*compare* Opp'n at 31–32 *with* Sur-Reply at 7–8);

- its assertion that, far from repudiating the parties' agreement, Global was entitled, and possibly required, to take steps to prevent confirmation of Legends' proposed bankruptcy plan due to purported concerns about Legends' financial performance (*compare* Opp'n at 32–35 *with* Sur-Reply at 8–10); and

- its argument that Legends prevented the confirmation of its proposed bankruptcy plan by exercising its right to terminate the APA, after it became clear that Global would not support confirmation as required under the parties' agreement (*compare* Opp'n at 34 *with* Sur-Reply at 9).

While Movants disagree with Global's contentions, each of these issues is addressed fully in the Motion and Reply.

The only "new" issue before this Court is Global's claim—made for the first time in its Sur-Reply—that "any briefing on [Global's] alleged repudiation must be stayed until Legends completes its production and makes witnesses available for depositions, so that Global can have an opportunity to fully respond." (Sur-Reply at 6.) Global's claimed need for discovery is meritless. First, as set forth above, no further briefing on Global's alleged repudiation is necessary because Movants briefed this issue extensively, and Global made a calculated decision not to substantively respond in its Opposition. Second, in its Opposition, Global asserted that

Legends had failed to "offer any credible evidence demonstrating an unequivocal repudiation of the APA," *not* that it would require further discovery to "fully respond" to Legends' anticipatory repudiation claim.  (*Compare* Opp'n at 27 *with* Sur-Reply at 6.)  Global's about-face is an attempt to stave off a decision on the summary judgment motion and lacks credibility.  Indeed, it is inconceivable that the issue of whether Global intended to repudiate the APA could be better explained by Legends' documents and witnesses, *than by Global's own documents and witnesses*.  Legends and the First Lien Parties will address this new request for discovery separately in the *Opposition To Global's Motion Pursuant To Rule 56(d)Motion* [R. Doc. 145], filed contemporaneously herewith.

## CONCLUSION AND REQUESTED RELIEF

Global's Sur-Reply is meritless and any relief requested therein should be denied. Movants reassert the requests and prayers set forth in their Motion For Partial Summary Judgment Of Global's Breach Of Contract Claim And Feasibility Defense And Motion *In Limine* Concerning Feasibility and pray that the relief requested therein be granted.

This 29th day of October, 2014.

Respectfully submitted,

| CO-COUNSEL: | BY: */s/* Barry W. Miller |
|---|---|
| Glenn L. Langley, La. Bar No. 8019 | William H. Patrick, III, La. Bar No. 10359 |
| **Hargrove, Smelley, Strickland** | Barry W. Miller, La. Bar No. 09678 |
| **& Langley, A. P. L. C.** | **Heller, Draper, Patrick** |
| 401 Market St., Suite 600 | **& Horn, L.L.C.** |
| American Tower | 650 Poydras Street, Suite 2500 |
| P. O. Box 59 | New Orleans, LA 70130-6103 |
| Shreveport, LA 71161-0059 | Telephone: (504) 299-3300 |
| Telephone: (318) 429-7200 | bmiller@hellerdraper.com |
| glangley@hss-law.net | |

| BY: */s/* Robert J. Malionek | BY: */s/* Andrew K. Glenn |
|---|---|
| Robert J. Malionek (admitted *pro hac vice*) | Andrew K. Glenn (admitted *pro hac vice*) |
| Kira S. Dabby (admitted *pro hac vice*) | Shalini Kisten Rajoo (admitted *pro hac vice*) |
| **Latham & Watkins LLP** | **Kasowitz, Benson, Torres** |
| 885 Third Avenue | **& Friedman LLP** |
| New York, NY 10022 | 1633 Broadway |
| Telephone: (212) 906-1200 | New York, NY 10019 |
| Robert.Malionek@lw.com | Telephone: (212) 506-1700 |
| Kira.Dabby@lw.com | aglenn@kasowitz.com |
| | srajoo@kasowitz.com |

**ATTORNEYS FOR THE FIRST LIEN PARTIES**     **ATTORNEYS FOR LEGENDS**