UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **GLOBAL GAMING LEGENDS, LLC,** *et al.* | : : : : **CIVIL ACTION NO. 5:13cv3123** |
| **VERSUS** | : : **JUDGE HICKS** : : **MAGISTRATE JUDGE HORNSBY** |
| **LEGENDS GAMING OF LOUISIANA-1, LLC,** *et al.* | : : : |

**PLAINTIFFS' AMENDED REPLY IN SUPPORT OF THEIR
MOTION PURSUANT TO RULE 56(d)**

Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, and Global Gaming Bossier City, LLC, Global Gaming Solutions, LLC (collectively "Global") submit this amended reply in support of *Plaintiffs' Motion Pursuant to Rule 56(d)* (ECF No.145) ("Motion").

Even if this Court were to consider Legends' late asserted anticipatory repudiation issue,[1] Global's Rule 56(d) Motion is proper and timely. The Motion was necessary because Legends misrepresents the factual dispute underlying its anticipatory repudiation claim within its *Reply in Support of Motion for Partial Summary Judgment of Global's Breach of Contract Claim and Feasibility Defense or Motion in Limine Concerning Feasibility* (the "Legends' Reply") (ECF No. 138).

---

[1] Legends' prayer for relief in Legends Motion for Partial Summary Judgment or Motion in Limine Regarding Feasibility ("Partial Motion for Summary Judgment") makes no reference to anticipatory repudiation. *See* ECF No. 57 ("WHEREFORE, Debtors/Defendants/Plaintiffs-in-Counter-Claim, Louisiana Riverboat Gaming Partnership, Legends Gaming of Louisiana-1, LLC, Legends Gaming of Louisiana-2, LLC, Legends Gaming, LLC, Legends Gaming of Mississippi, LLC and Legends Gaming of Mississippi RV Park, LLC, and the First Lien Parties specifically pray that Global's breach of contract claim, and any defense predicated on that claim, be dismissed, and further pray that the Court preclude evidence concerning the feasibility of the November Plan at trial, or in the alternative, determine that Global's articulated standard of feasibility is erroneous.")

1

First, Legends did not plead for dismissal of Global's breach of contract claim on the basis that it satisfied the APA's requirement that the casinos be operated in the ordinary course of business. Rather, Legends seeks summary judgment on the basis that the unambiguous language of the Amendment to the APA forecloses Global's claim for breach of contract, but in no way seeks judgment that Legends operated in the ordinary course of business, as required by the APA, as amended. As a result, Global's claim for breach of contract, grounded in the failure of Legends to operate in the ordinary course of business, was not dealt with by the Partial Motion for Summary Judgment or Global's response (ECF No. 75). Legends is correct that the parties are engaging in additional discovery to address this factual dispute,[2] discovery that is long overdue and requires Legends to search its existing servers and restored backup tapes for responsive documents.

Second, Legends did not request summary judgment on its anticipatory repudiation claim; Legends sought summary judgment on Global's feasibility defense and to preclude Global from introducing any evidence regarding feasibility. Only in the Legends' Reply, did Legends argue for the first time that the Court should award summary judgment on its anticipatory repudiation claim without considering Global's defense. But Global's repudiation defense is not solely based upon feasibility and Legends' position misrepresents the evidence necessary to prove its anticipatory repudiation claim.

To prove its anticipatory repudiation claim, Legends is required to make the following showings:

- **Feasibility** – As a component of its repudiation claim, Legends must prove that the Plan was feasible and it could have fulfilled its obligations under the APA: confirmation of the Plan. Under New York law, in order to collect damages on a claim for anticipatory repudiation, the non-repudiating party, Legends, must show

---

[2] *See* Declaration of Shalini Kisten Rajoo in Opposition to Global's Motion Pursuant to Rule 56(d) (ECF No. 152-1).

2

"that but for [Global's alleged] repudiation, the transaction could and would have closed." *Pesa v. Yoma Dev. Grp., Inc.*, 965 N.E.2d 228, 230 (N.Y. 2012). Further, discovery regarding feasibility is necessary. Because Legends did not seek summary judgment on repudiation, Legends is timely in seeking Rule 56(d) relief here.

- **Global's Breach of Contract Claim** – Global's breach of contract claim is a component of Legends' repudiation claim because if Global proves that Legends breached the APA for failing to operate in the ordinary course of business as required under the APA, Global could not have repudiated a transaction that Legends' had already breached. Global seeks evidence in support of its breach claim that is solely in the possession of the Debtors, and to this point, Debtors' discovery responses on this issue have been deficient. As a result, discovery related to Global's breach of contract claim is also necessary for dealing with Legends' claim that Global repudiated. By proving this breach, Global's actions with respect to the alleged repudiation are irrelevant under New York law.[3] The Motion is timely and well-founded here.

- **Global's Actions** – Legends takes for granted the component of repudiation requiring that it prove Global's alleged repudiation was "unequivocal, definite, and final." *Children of Am. (Cortlandt Manor), LLC v. Pike Plaza Assocs., LLC*, 978 N.Y.S.2d 323, 324 (N.Y. App. Div. 2d Dep't 2014). Issues of fact remain on this component and do not involve discovery of information only within Global's possession. In fact, discovery produced by Legends and the First Lien Parties may reveal that Legends believed that its Plan was not feasible and unconfirmable and agreed that changes should be made to the APA. Such discovery would prove that Global's actions were not in any way definite and final repudiations of the APA. The "[m]ere expression of difficulty in tendering the required performance, for example, is not tantamount to a renunciation of the contract." *Children of Am.*, 978 N.Y.S.2d at 324. The Motion is timely and well-founded here.

Global's challenge to the Amended Disclosure Statement, its Confirmation Objection, and its response to Legends' purported requests for adequate assurances all relate to feasibility. Feasibility is material as a condition precedent to Legends' performance under the APA, and evidence of feasibility is also likewise relevant and material to whether Global repudiated the APA. Evidence proving that Legends failed to operate in the ordinary course of business is

---

[3] *See Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 705 N.E.2d 656, 659 (N.Y. 1998) ("[i]f the promisee regards the apparent repudiation as an anticipatory repudiation, terminates his or her own performance and sues for breach, the promisee is placed in jeopardy of being found to have breached if the court determines that the apparent repudiation was not sufficiently clear and unequivocal to constitute an anticipatory repudiation justifying nonperformance").

relevant and material to proving whether any alleged repudiation by Global could have been clear and unequivocal because Legends' repudiation argument is foreclosed by its own breach of the APA. Finally, evidence within the possession of Legends and the First Lien Parties relating to their responses to the actions of Global will show that neither Legends nor the First Lien Parties considered the actions of Global to be repudiation.[4]

Anticipatory repudiation necessarily involves a question of fact and is not properly before the Court in Legends' Partial Summary Judgment Motion. Out of abundance of caution, Global filed the Motion to reserve its right to be afforded the opportunity to receive and review Legends' documents and depose relevant witnesses on issues that are relevant and material to Global's alleged repudiation. These issues require discovery in connection with feasibility, operation of the casinos in the ordinary course of business, and the responses of Legends and the First Lien Parties to Global's alleged acts of repudiation; discovery that Legends now seeks to preclude.

## CONCLUSION

For the foregoing reasons, Global respectfully request that this Court GRANT Plaintiffs' Rule 56(d) Motion, as the outstanding document production and anticipated witness depositions are essential to Plaintiffs' ability to properly brief and respond to Legends' ill-fashioned request for summary judgment relief on its anticipatory repudiation claim.

---

[4] *See* Exhibit 1, Legends' Hit Report provided November 5, 2014 by declarant Shalini Kisten Rajoo (identifying the number of hits on documents that have not been produced in this litigation returned after running Global's proposed search terms across Legends' servers and back-up tapes). The parties continue their discussion to attempt to avoid discovery motions before the Court. This exhibit is offered to give the Court a glimpse into on-going discussions.

Respectfully submitted,

**GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC**

By: __/s/ Louis M. Phillips____
Louis M. Phillips (La. Bar No. 10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
E-mail: lphillips@gordonarata.com

- AND -

Patrick ("Rick") M. Shelby (La. Bar No. 31963)
Meredith S. Grabill (La. Bar. No. 35484)
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
E-Mail: pshelby@gordonarata.com
E-mail: mgrabill@gordonarata.com

- AND -

**Dentons US LLP**
C. Michael Moore
Gene R. Besen
2000 McKinney Ave, Suite 1900
Dallas, TX 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0910
Email: mike.moore@dentons.com
Email: gene.besen@dentons.com

***Attorneys for Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Solutions, LLC and Global Gaming Bossier City, LLC***

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

**November 7, 2014**
Baton Rouge, Louisiana.

/s/ *Louis M. Philips*_____
Louis M. Phillips (La. Bar No. 10505)

6

## Global's Proposed Search Terms for Legend's ESI
## October 15, 2014

| # | Search Terms | Hits (Including Families) |
|---|---|---|
|   | **TOTAL COMBINED RECORDS** | **65,860** |
| 1 | (Agreement* OR Contract OR Propos* OR Memorandum) w/5 (Servic* OR Maint* OR Housekeeping OR Vendor OR "third party" OR outsource) | 10,915 |
| 2 | (Maint* OR repair* OR replac*) w/s (log* OR problem* OR cost* OR staff* OR expen* OR term* OR room* OR diff* OR suite* OR carpet* OR bed* OR pool* OR spa OR restaurant* OR steakhouse OR buffet OR bar OR gam* OR slot* OR propert* OR casino* OR pit* OR overhead OR equip* OR machin* OR facilit* OR spend* OR new* OR AC OR budget OR budget* OR complain* OR dirty OR gross OR approv* OR projection OR forecast* OR prevent* OR defer*) | 21,718 |
| 3 | Breakage* OR Cutback* OR defer* OR "sale* process" | 8,902 |
| 4 | Housekeeping w/s (log* OR problem* OR staff* OR "in-house" OR vendor OR third-part* OR expen* OR term* OR diff* OR repair* OR room* OR suite! OR cost* OR propert* OR casino* OR overhead OR spend* OR new*or sav* OR budget OR budget* OR complain* OR dirty OR gross OR forgot OR fail OR unable OR busy) | 6,815 |
| 5 | Clean* AND (room* OR suite* OR carpet* OR bed* OR restroom* OR lobby* OR pool* OR spa OR restaurant* OR steakhouse OR buffet OR bar OR complain* OR dirty OR gross OR forgot OR fail OR unable OR busy) | 16,399 |
| 6 | (Health /2 Code) OR insect* or bug* | 1,818 |
| 7 | ((Food /3 Service) OR "Foodservice") AND (expens* OR cutback* OR defer OR delay* or "hold off" OR complain* OR budget OR budget* OR complain* OR dirty OR gross OR forgot OR fail OR unable OR busy OR overhead OR projection OR forecast* OR room) | 1,643 |
| 8 | Entertainment AND (expens* OR cut* OR defer* OR delay* or "hold off" OR budget OR budget* OR schedule* OR reschedule OR forecast* OR event* OR show* OR concert OR Agave) | 18,982 |
| 9 | Reservation w/3 system | 416 |
| 10 | (comp* OR feedback OR review OR survey OR research) w/5 (customer OR guest OR visitor OR player) | 13,398 |
| 11 | "Global Gaming" OR "GG" OR "Elliot" OR "Cary" | 6,909 |
| 12 | EBIDTA OR EBIT* AND (miss* OR fix* OR problem OR budget OR budget* OR project* OR refus* OR complain* OR cut OR explain OR impact OR problem OR approv* OR projection OR F forecast*) | 11,283 |

**EXHIBIT 1**

| # | Search Terms | Hits *(Including Families)* |
|---|---|---:|
| 13 | ("Capex" OR Capital) w/5 (improve* OR expen* OR Plan* OR actual OR budget* OR wishlist OR summary OR allow* OR spend* OR new* OR financ* OR sav* OR miss* OR fix* OR problem OR budget OR projection OR refus* OR complain* OR cut* OR explain* OR impact* or problem* OR approv* OR forecast* OR slot* OR defer*) | 10,703 |
| 14 | (marketing OR promotion* OR advertis* OR Admin* OR Signage) w/3 (plan* OR actual OR budget* OR allow* OR wishlist OR summary OR spend* OR new* OR sav* OR expens* OR miss* OR fix* OR problem OR budget OR projection OR refus* OR complain* OR cut* OR explain* OR impact* or problem* OR approv* OR "players club") | 15,228 |
| 15 | (Reports OR statement*) w/3 (operat* OR projec* OR varianc* OR budget* OR forecast* OR Finan* OR variable) | 7,557 |
| 16 | Financ* w/2 (projection* OR variance* OR forecast*) | 2,602 |
| 17 | Cash w/2 budget* OR flow* OR forecast* OR collateral OR projection) | 8,126 |
| 18 | Purchas* w/s (Cutback* OR defer* OR delay* OR "hold off" OR wait* OR Problem OR Budget OR Projection OR Refus* OR Complain* OR Cut OR approv* or forecast*) | 5,012 |
| 19 | Property tax* w/3 (accru* OR defer* OR delay* OR "hold off" OR wait*) | 146 |
| 20 | Disclosure Statement | 1,108 |
| 21 | Plan w/3 supplement* | 61 |
| 22 | Amend* w/3 "disclosure statement" | 370 |
| 23 | Feasib* OR workable | 2,382 |
| 24 | "Ordinary Course" w/s (purchas* OR agreement* OR contract OR defin*) | 483 |