UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GLOBAL GAMING SOLUTIONS, LLC, ET AL | CIVIL ACTION NO. 13-cv-3123 |
| VERSUS | JUDGE HICKS |
| LEGENDS GAMING OF LOUISIANA 1, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The current discovery dispute centers on Global's attempt to take a Rule 30(b)(6) deposition of Legends concerning Legends' document production and litigation hold or document preservation practices and policies. Before the court is Legends' **Motion to Compel, Motion to Quash or Motion for Protective Order (Doc. 169)**. Legends argues that the deposition is unnecessary because Legends has already restored back-up tapes (at its own expense) to ensure that relevant documents were produced. Legends has offered to restore additional back-up tapes at Global's expense. Legends also complains about the scope of the Rule 30(b)(6) notice.

Global argues, among other things, that it has a substantial basis to take the deposition to understand how Legends' document preservation and collection process was conducted. Global cites a recent and very substantial supplemental document production by Legends as part of the basis for its concerns. Global also argues that Legends' motion is untimely because the motion was not filed prior to the announced start time for the deposition.

Legends' motion is **granted in part** and **denied in part** as follows. The Rule 30(b)(6) deposition of Legends' document custodians is disallowed at this time. Instead, Global Gaming is authorized to propound 14 separate interrogatories (with no more than two sub-parts each) seeking information (a) to alleviate its concerns regarding Legends' document production and (b) regarding whether Legends adequately preserved relevant documents once litigation was reasonably anticipated.

Unless otherwise agreed by the parties, Legends is directed to answer the interrogatories, under oath, within 14 days of receipt. If, upon receipt of the answers, Global contends that the Rule 30(b)(6) deposition must still be conducted, Global is directed to immediately provide the interrogatories and answers to the undersigned for an *in camera* review. No additional briefs on the issue will be permitted, but counsel for both parties are permitted to submit a one-page letter to the court outlining their positions. If the court finds that the answers to the interrogatories are incomplete, vague, or evasive, the court will consider permitting the document custodian's deposition to go forward. The court also will consider imposing attorney's fees for the deposition.

Discovery is not stayed. Instead, Global is directed to immediately provide deposition dates for the nine (or so) deposition witnesses sought by Legends. (Likewise, Legends shall immediately provide dates for depositions sought by Global.) Global may not delay those depositions pending any other discovery or depositions. And, if Legends' document preservation or document production issues necessitate a second deposition of an important

witness (as Global fears may happen), the court will entertain a request for attorney's fees for the cost of the second deposition.

The court recently extended the discovery deadline to June 5, 2015. Provided the parties cooperate and avoid needless motion practice pertaining to the remaining discovery, there is sufficient time to complete what needs to be done.

All requests for fees and expenses in connection with Legends' motion are **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of February, 2015.

Mark L. Hornsby
U.S. Magistrate Judge